**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-50036-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Deborah Dorsey Peate, | |
| Defendant. | |

On April 23, 2021, the Clerk of the Court signed a "Clerk's Notice of Post Judgment Garnishment." (Doc. 5.) That Notice states:

> . . . If you think you are not being given the benefit of the above exemption, or other court orders or garnishments are not being given proper priority, you may ask the court for a hearing. If you want a hearing, you must notify the court within 20 days after receipt of the notice. Your request must be in writing. . . . The hearing will take place within 10 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

(Doc. 5-1 at 2.)

On May 24, 2021, Defendant, proceeding *pro se*, sent an email to counsel for the Government, objecting "to the proposed 25% of [her] pay period according to the Writ of Garnishment." (Doc. 7.) Counsel forwarded the email to the Clerk of the Court, who filed it as an answer. (*Id.*) The Government responded, arguing "Defendant did not request a hearing," "provided no reason for her objection to the Writ," and "did not raise any of the issues enumerated in 28 U.S.C. § 3202(d)(1)–(3)." (Doc. 8 at 4.)

The Government may enforce restitution orders in the same manner as the enforcement of fines, or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A); *see also* 18 U.S.C. § 3613(f). "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United States v. Gianelli*, 543 F.3d 1178, 1182 (9th Cir. 2008), *cert. denied*, 555 U.S. 1175 (2009). The FDCPA "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001. The FDCPA's definition of "debt" includes "[a]n amount that is owing to the United States on account of . . . fine . . . penalty . . . restitution." 28 U.S.C. § 3002(3)(B). One procedure is a writ of garnishment against a judgment-debtor's property under 28 U.S.C. § 3205.

The FDCPA allows a judgment debtor to request a hearing upon receipt of the Clerk's Notice of Post Judgment Garnishment. 28 U.S.C. § 3202(d). The statute provides that upon such a request, the court shall hold a hearing "as soon as practicable." *Id.* The statute further states that the issues at such hearing "shall be limited":

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

*Id.* "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the

objection was simply a matter of statutory interpretation." *United States v. Canfield*, No. CR-01-00256-001-PHX-NVW, 2014 WL 6065769, at *3 (D. Ariz. Nov. 3, 2014) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citations omitted)).

The FDCPA also contains a provision permitting a judgment debtor to file written objections to a garnishee's answer and request a hearing, within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5). The judgment debtor's objection and request for hearing under this provision must "state the grounds for the objection and bear the burden of proving such grounds." *Id.* The limitations in § 3202(d) do not apply to a hearing requested under § 3205.

Here, Defendant sent her email before the garnishee's answer was filed. (*Compare* Doc. 7, *with* Doc. 9.) Thus, Defendant's filing falls under § 3202(d). Defendant does not expressly request a hearing. (Doc. 7.) Nor does Defendant raise any of the issues enumerated in § 3202(d). (*Id.*) The judgment in this matter was not the result of default. (*Id.*) Defendant does not dispute the Government's compliance with statutory procedures. (*Id.*) She does not assert an exemption to the non-exempt portion of her earnings under 26 U.S.C. § 6334. (*Id.*) And Defendant does not dispute that she owes a debt to the Government. (*Id.*) Accordingly, the Court will not conduct a hearing and the Government may proceed with garnishment.

Based on the foregoing,

**IT IS ORDERED denying** Defendant's request for a hearing (Doc. 7).

**IT IS FURTHER ORDERED** that by no later than **July 29, 2021**, the Government shall provide Defendant with a copy of this Order. The Government shall file a notice of service of documents with the Court indicating its compliance with this order.

Dated this 27th day of July, 2021.

Michael T. Liburdi
United States District Judge